1

2

3

4

5                        UNITED STATES DISTRICT COURT

6                   FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8    OSCAR MACHADO,                          Case No.   2:20-cv-00523-JDP (PC)

9                Plaintiff,                  ORDER THAT:

10        v.                                 (1) THE CLERK OF COURT ASSIGN A
                                             DISTRICT JUDGE TO RULE ON THESE
11   K. WALLACE, *et al.*                    FINDINGS AND RECOMMENDATIONS;

12              Defendants.                  (2) PLAINTIFF'S MOTION TO MODIFY
                                             THE SCHEDULING ORDER, ECF No. 30, IS
13                                           GRANTED;

14                                           (3) PLAINTIFF'S MOTION TO MODIFY
                                             THE SCHEDULING ORDER, ECF No. 31, IS
15                                           DENIED AS MOOT;

16                                           (4) PLAINTIFF'S MOTIONS TO COMPEL
                                             DISCOVERY, ECF Nos. 33 & 41, ARE
17                                           DENIED WITHOUT PREJUDICE.

18                                           FINDINGS AND RECOMMENDATIONS
                                             THAT:
19
                                             DEFENDANT'S MOTION FOR SUMMARY
20                                           JUDGMENT BE GRANTED

21                                           OBJECTIONS DUE IN 14 DAYS

22                                           ECF No. 35

23

24

25        Oscar Machado ("plaintiff") alleges that A. Bustamante, J. Vina, J. Canela, N. Hang, G.

26   Ellis, T. Freitas, and E. Speer ("defendants") violated his First Amendment rights by conducting a

27   cell search in retaliation for filing prison grievances.  ECF No. 1 at 7.  He claims that, during the

28   cell search, defendants planted a drug syringe and then brought a false Rules Violation Report

                                            1

against him. *Id.* at 7.  He also alleges that defendants wrongfully confiscated a radio belonging to his cellmate.  *Id.* at 8.  Defendants have filed a motion for summary judgment, arguing that plaintiff failed to exhaust his claims regarding the syringe and radio.  ECF No. 35.  I have reviewed the pleadings and agree that those claims should be dismissed as unexhausted.  This case should, however, still proceed on plaintiff's claim that defendants conducted a retaliatory cell search.

### Scheduling and Discovery Motions

Plaintiff has also filed motions to modify the scheduling order and to extend the discovery deadline.[1]  ECF Nos. 31, 30, & 41.  He claims that defendants have not provided responses to "the majority of [his] discovery demands" and asks that the discovery deadline be extended so that his motions to compel, ECF Nos. 33 & 41, can be litigated.  Defendants, in their opposition to the latest motion to compel, state that they are agreeable to addressing plaintiff's discovery issues if their motion for summary judgment is denied.[2]  ECF No. 42 at 2.  I will deny the pending motions to compel without prejudice.  They are inadequate because they do not describe what discovery items are at issue.  I will extend the discovery period by three months from the date of this order's entry.  The new deadline for any future dispositive motions will be three months after the new expiration of discovery.

### Motion for Summary Judgment

**A.   Legal Standards**

**1.   Summary Judgment Standard**

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party,

---

[1] The current deadline for discovery (and for motions to compel) expired on January 22, 2021.  ECF No. 24 at 4.

[2] As stated above, I recommend that the motion be granted.  Even so, one outstanding claim remains, and this case should not be closed.  Thus, the defendants will have to address plaintiff's discovery claims to the extent that they pertain the exhausted claim.

1   while a fact is material if it "might affect the outcome of the suit under the governing law."

2   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818

3   F.2d 1422, 1436 (9th Cir. 1987).

4        Rule 56 allows a court to grant summary adjudication, also known as partial summary

5   judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim.

6   *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule

7   56 authorizes a summary adjudication that will often fall short of a final determination, even of a

8   single claim . . . .") (internal quotation marks and citation omitted).  The standards that apply on a

9   motion for summary judgment and a motion for summary adjudication are the same.  *See* Fed. R.

10   Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

11        Each party's position must be supported by (1) citations to particular portions of materials

12   in the record, including but not limited to depositions, documents, declarations, or discovery; or

13   (2) argument showing that the materials cited do not establish the presence or absence of a

14   genuine factual dispute or that the opposing party cannot produce admissible evidence to support

15   its position.  *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The court may consider

16   other materials in the record not cited to by the parties, but it is not required to do so.  *See* Fed. R.

17   Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist*., 237 F.3d 1026, 1031 (9th Cir.

18   2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

19        "The moving party initially bears the burden of proving the absence of a genuine issue of

20   material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To meet its burden, "the

21   moving party must either produce evidence negating an essential element of the nonmoving

22   party's claim or defense or show that the nonmoving party does not have enough evidence of an

23   essential element to carry its ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins.*

24   *Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If the moving party meets this

25   initial burden, the burden then shifts to the non-moving party "to designate specific facts

26   demonstrating the existence of genuine issues for trial."  *In re Oracle Corp. Sec. Litig.*, 627 F.3d

27   376, 387 (citing *Celotex Corp.,* 477 U.S. at 323).  The non-moving party must "show more than

28   the mere existence of a scintilla of evidence."  *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477

1  U.S. 242, 252 (1986)).  However, the non-moving party is not required to establish a material

2  issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to

3  require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W.*

4  *Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

5          The court must apply standards consistent with Rule 56 to determine whether the moving

6  party has demonstrated there to be no genuine issue of material fact and that judgment is

7  appropriate as a matter of law.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).

8  "[A] court ruling on a motion for summary judgment may not engage in credibility

9  determinations or the weighing of evidence."  *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir.

10  2017) (citation omitted).  The evidence must be viewed "in the light most favorable to the

11  nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party.

12  *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*,

13  198 F.3d 1130, 1134 (9th Cir. 2000).

14                          **2.       Exhaustion Requirements**

15          Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

16  respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

17  confined in any jail, prison, or other correctional facility until such administrative remedies as are

18  available are exhausted."  42 U.S.C. § 1997e(a).  This statutory exhaustion requirement "applies

19  to all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the

20  relief sought by the prisoner or the relief offered by the process, *Booth v. Churner*, 532 U.S. 731,

21  741 (2001).  Unexhausted claims require dismissal.  *See Jones v. Bock*, 549 U.S. 199, 211 (2007).

22          A prison's own grievance process, not the PLRA, determines how detailed a grievance

23  must be to satisfy the PLRA exhaustion requirement.  *Id.* at 218.  When a prison's grievance

24  procedures do not specify the requisite level of detail, "a grievance suffices if it alerts the prison

25  to the nature of the wrong for which redress is sought."  *Griffin v. Arpaio*, 557 F.3d 1117, 1120

26  (9th Cir. 2009) (internal quotation marks omitted).  "The grievance 'need not include legal

27  terminology or legal theories,' because '[t]he primary purpose of a grievance is to alert the prison

28  to a problem and facilitate its resolution, not to lay groundwork for litigation.'"  *Reyes v. Smith*,

810 F.3d 654, 659 (9th Cir. 2016) (quoting *Griffin*, 557 F.3d at 1120).

The PLRA recognizes no exception to the exhaustion requirement, and the court may not recognize a new exception, even in "special circumstances." *Ross v. Blake*, 136 S. Ct. 1850, 1862 (2016). The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* at 1856. The Supreme Court has explained when an administrative procedure is unavailable:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates . . . . Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use . . . . And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation . . . . [S]uch interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

*Id.* at 1859-60 (citations omitted); *see also Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017) ("When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies.").

If the court concludes that plaintiff has failed to exhaust available remedies, the proper remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(a). *See Jones*, 549 U.S. at 223-24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

**B.     Analysis**

There is one administrative grievance, numbered MCSP-A-19-03375, relevant here. ECF No. 35-2 at 4-8. In the space where plaintiff was instructed to "explain his issue," he alleged:

> This complaint is submitted against Officers K. Wallace, A. Bustamante, J. Canela, C/O Hang, G. Ellis, T. Freitas, J. Vina, & ISU Officer Murphy for another retaliatory cell search on August 9, 2019, conducted in retaliation for the filing of appeal log# MCSP-A-19-02206, submitted for a prior retaliatory cell search. On August 9, 2019, approximately 8 officers entered assigned housing to conduct a retaliatory cell search. At the conclusion of said search, staff left assigned housing in disarray, leaving personal property throughout the cell. Fac "A" has a problem w/ conducting retaliatory cell searches.

1   *Id.* at 5, 7.   As defendants argue, the grievance makes no mention of defendants planting a

2   syringe in order to frame plaintiff or confiscating a radio belonging to his cellmate.   Under the

3   California Department of Corrections and Rehabilitation ("CDCR") procedures in place at the

4   time, plaintiff was required to "state all facts known and available to him/her regarding the issue."

5   Cal. Code Regs. tit. 15, § 3084.2(a)(3)-(4) (repealed June 2020).   Given that plaintiff made no

6   mention of the planted syringe or stolen radio, prison administrators were not, as the PLRA

7   intends, afforded an opportunity to consider and address those claims prior to litigation.   *See*

8   *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) ("The PLRA attempts to eliminate unwarranted federal-

9   court interference with the administration of prisons, and thus seeks to 'affor[d] corrections

10   officials time and opportunity to address complaints internally before allowing the initiation of a

11   federal case.'") (citing *Porter v. Nussle*, 534 U.S. 516, 525 (2002)).

12        Plaintiff raises several arguments in opposition, none of which are availing.   First, he

13   argues that requiring him to raise the specifics of those claims subjects him to an impermissibly

14   high pleading standard.   ECF No. 39 at 8.   But, as stated above, it is the prison's rules that govern

15   the adequacy of a grievance and, under CDCR regulations, plaintiff was required to identify the

16   issues that he wanted prison administrators to address.   Merely alleging that his cell was subject

17   to a retaliatory search would not have put administrators on notice of his allegations regarding the

18   stolen radio and planted evidence.   Second, plaintiff argues that he disclosed his allegations about

19   the syringe and radio to the correctional officer—Sergeant Junes—who was charged with

20   investigating his grievance.   *Id.* at 9.   Junes's first-level appeals response contradicts this

21   argument, however.   In that response, June recounts that he asked plaintiff if he had anything to

22   add to the written grievance.   ECF No. 40-1 at 4.   Plaintiff indicated that he did not, stating

23   "[n]ope, I think that pretty much states it all."   *Id.*   Third, plaintiff attributes his failure to mention

24   his other claims to the limited space on the grievance form.   ECF No. 39 at 10.   But empty lines

25   remain on his grievance form.   ECF No. 35-2 at 7.   Finally, plaintiff alleges that the court cannot

26   determine the status of his claims without the added context of prison officials' responses to his

27   grievance.   ECF No. 39 at 9.   Those responses would not change the fact that plaintiff failed to

28   raise the syringe and radio issues in his grievance.   And plaintiff, who presumably knows the

Case 2:20-cv-00523-JAM-JDP   Document 43   Filed 08/03/21   Page 7 of 8

1  substance of the responses to his grievance, does not allege that prion officials *sua sponte*
2  addressed those issues.

3      I recognize that plaintiff has not separated the claims at issue in this case.  In his
4  opposition, he argues that he has only two claims, one for retaliation and one for conspiracy.[3]  *Id.*
5  at 8.  However, there are three claims at issue.  First and most fundamentally, plaintiff alleges that
6  the cell search undertaken by defendants on August 9, 2019 was undertaken not for a legitimate
7  penological purpose, but to retaliate against him for filing grievances.  This claim survives the
8  motion for summary judgment.  Second, plaintiff alleges that defendants perpetrated a second act
9  of retaliation against him by planting a syringe in his cell and using it to file a false Rules
10  Violation Report against him.  That claim, as stated above, is unexhausted and should be
11  dismissed.  Third, plaintiff alleges that defendants confiscated his cellmate's property, again as a
12  form of retaliation.  That claim is also unexhausted.  The latter two claims are separate; they
13  could succeed or fail independently.  It might, for instance, be determined that defendants
14  retaliated against plaintiff by planting false evidence during a cell search that had a separate, valid
15  penological purpose.  Conversely, a finder of fact might conclude that the cell search was
16  retaliatory, but that the drug evidence encountered was not fabricated.

17      It is ORDERED that:

18      1.      Plaintiff's motion to modify the scheduling order, ECF No. 30, is GRANTED.

19      2.      The discovery deadline in this case is extended by three months from the date of
20  this order's issuance.  Any motions to compel must be filed by that date.  Dispositive motions are
21  due three months from the close of the new discovery deadline.[4]

22      3.      Plaintiff's motion to modify the scheduling order, ECF No. 31, is DENIED as
23  moot.

---

26      [3] Conspiracy is not an independent basis of liability in a section 1983 action; rather, it is a manner of proving a defendant's liability.  *See Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir.
27  2008).
      [4] If either of these deadlines fall on a weekend or holiday, they shall be extended to the
28  next business day.

4.      Plaintiff's motions to compel discovery, ECF Nos. 33 & 41, are denied without prejudice.

5.      The Clerk of Court shall assign a district judge to rule on these findings and recommendations.

Further, it is recommended that:

1.      Defendants' motion for summary judgment, ECF No. 35, be granted and plaintiff's claims related to the false Rules Violation Report for possession of a syringe and confiscation of his cellmate's property be dismissed as unexhausted.

2.      This action should proceed only with plaintiff's claim that the cell search undertaken by defendants on August 9, 2019 was retaliatory.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time may result in the waiver of rights on appeal.  *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.


Dated:    August 2, 2021

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

8